MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:     (520) 798-1037
Email: nrothschild@mcrazlaw.com
            awinkelman@mcrazlaw.com
            ecfpima@mcrazlaw.com

By:    Nathan S. Rothschild, #29847
          Alex Winkelman, #34120
          13372-1/tl

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| John Ngecu Maina, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>Fernanda Munoz Garcia, a single woman<br><br>Defendant. | No. 4:24-cv-00471-SHR<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>(Assigned to Honorable Scott H. Rash) |

Defendant Fernanda Munoz Garcia ("Defendant"), hereby moves under Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint with prejudice. In the alternative, Defendant moves for dismissal of what appeared to be blank counts in the complaint and requests clarification on the other count.

**I.    Factual Allegations in the Complaint**

Factual allegations in the Complaint are extremely limited. They are so limited that the material allegations will be reproduced here in their entirety:

> 5.   On April 24, 2024 at Lax international Airport. Fernanda Garcia Munoz broadcasted threatening and offensive hate speech that

intimidated and damaged the plaintiff character and reputation through telephone and internet-based provider.

6.   Fernanda Garcia Munoz was a paralegal assigned to handle the plaintiffs case while she was obtaining her law degree. But it was removed. for Unknown reasons. Paralegals, judges and appointed lawyers have an oath to keep and a duty to uphold to their clients. Her actions were not only a breach to her duty, but it was also a crime. The broadcast was so descriptive the plaintiff was able to capture this audio through his phone

Thus, it appears the only allegations in the Complaint against Defendant are (1) that she "broadcast" a statement in LAX and (2) that Defendant was reassigned from Plaintiff's case while a paralegal.

## II.   Counts Alleged in the Complaint

The Complaint appears to allege four categories of counts against Defendant. The first is a claim under Title 18 U.S.C. § 2520 in violation of the Wiretap Act. This claim requires a plaintiff to show a defendant "intercepted, disclosed, or intentionally used" a "wire, oral, or electronic communication."

The second apparent claim in the Complaint is a violation of Arizona's ethical rules for government attorneys. Specifically, it appears that Plaintiff is suing for violations of ER 8.4 and ER 1.9 for "violat[ing] or attempting to violat[ing] the rules of professional conduct." (Complaint p. 5).

The third apparent claim in the Complaint is for violation of ARS §13-2916 which provides for the criminal prosecution of person who: (1) directs any obscene, lewd or profane language or suggest any lewd or lascivious act to a person via the use of electronic communication; (2) threatens to inflict physical harm to a person or property in any electronic communications, (3) disturbs a person's peace or privacy via repeated anonymous, unwanted, or unsolicited electronic communications, and/or (4) uses an

1 electronic communication device to electronically distribute, publish, email, hyperlink or
2 make available for downloading the person's personal identifying information, including a
3 digital image of the person, and the use does in fact incite or produce that unwanted physical
4 contact, injury or harassment.

5    **III.    Rule 12 Standard**

6    Although this Court will construe pro se litigant's pleadings liberally, see *Karim-*
7 *Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), "[t]hreadbare recitals of the
8 elements of a cause of action, supported by mere conclusory statements, do not suffice" to
9 survive Rule 12(b)(6)'s requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A
10 complaint suggesting the "mere possibility of misconduct" or providing "unadorned, the-
11 defendant-unlawfully-harmed-me accusation[s]" does not satisfy *Iqbal's* plausibility
12 standard. *Id*. at 678-79. "In sum, for a complaint to survive a motion to dismiss, the non-
13 conclusory 'factual content,' and reasonable inferences from that content, must be plausibly
14 suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d
15 962 (9th Cir. 2009). In dismissing for failure to state a claim under Rule 12(b)(6), 'a district
16 court should grant leave to amend even if no request to amend the pleading was made, this
17 Court should not grant leave to amend if "it determines that the pleading could not possibly
18 be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
19 2000).

20    **IV.    Argument**

21    Two categories of claims must be dismissed as a matter of law because there is no
22 private right of action. First, there is no private right of action in A.R.S. 13-2916 and claims
23 brought under criminal statutes without an express private right of action can be dismissed
24 under Rule 12(b)(6). See, e.g., *Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289,
25 294 (App. 1994) ("The general rule is that 'no private cause of action should be inferred
26

3

based on a criminal statute[.]' ");. *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987). This claim must be dismissed.

Likewise, "State ethics rules do not, of course, create private rights of action for aggrieved clients." *Cecala v. Newman*, 532 F.Supp.2d 1118, 1141 (D. Ariz. 2007). "With few exceptions, the courts agree that the violation of an ethics rule alone does not create a cause of action, constitute legal malpractice *per se* or necessarily create a duty." 2 *Legal Malpractice* § 19:7 at 1208. "The Arizona Supreme Court expressly aligned itself with this majority view when it 'declined to use the court's own ethical standards as a basis upon which to impose legal malpractice liability.'" *Cecala*, *quoting Stanley v. McCarver,* 208 Ariz. 219, 225 n. 6 92 P.3d 849, 855 n. 6 (2004) (citing Ariz. R. Sup.Ct. 42, R. Prof. Resp., Preamble, Scope ¶ 20 (noting that rules of professional responsibility "are not designed to be a basis for civil liability")).

These alleged claims must be dismissed as a matter of law, even without regard to the sufficiency of the factual allegations in the complaint, which are also deficient. Neither of the allegations complain of legal violations nor to private rights of actions. Plaintiff does not identify any facts which would plausibly establish that Defendant violated Arizona's ethical rules, or that she harassed or terrified Plaintiff using an electronic communication. The only allegation is that Defendant "broadcast" threatening and offensive hate speech, but simply alleging that speech is threatening or offensive amounts to conclusory language that cannot satisfy the requirements of Rules 8 and 12, FRCP.

Finally, this Court should dismiss the claim under 18 U.S.C. § 2520 as well, as that statute relates not to the transmission of a wire, but instead relates to the "intercept[ion] of an electronic communication. Even assuming arguendo that the Defendant "broadcast" a communication in Los Angeles International Airport, that would not violate 18 U.S.C. § 2520. Plaintiff has not alleged any facts which could permit a verdict in Plaintiff's favor under Section 2520. Additionally, even if Plaintiff had brought different claims, Plaintiff has

failed to set forth sufficient factual details to reach plausibility: Plaintiff has not identified the content of the communication, Plaintiff has not identified with any specificity when the communication was made, and Plaintiff has not explained how a "telephone and internet-based provider" were involved. While the complaint need not contain all evidence required to establish Plaintiff's claims, the complaint in this case contains nearly no facts which establish plausibility.

V. **Conclusion**

Plaintiff fails to properly plead any claims which should be permitted to move forward. None of the claims identified in the complaint are legally viable and must be dismissed, and it would be futile to allow amendment as to these claims.

RESPECTFULLY SUBMITTED this 30th day of September, 2024.

MESCH CLARK ROTHSCHILD

By: /s/ Alex Winkelman
Nathan S. Rothschild
Alex Winkelman
*Counsel for Defendant*

COPY OF THE FOREGOING mailed/emailed
this 30th day of September, 2024, to:

John Ngecu Maina
2218 Hatties Place Rd.
Knoxville, TN 37931
Mrfarmer29@outlook.com
*Defendant/Pro Se*

/s/ Traci Lopez

4872-7597-1051, v. 1

5