**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Ngecu Maina, | No. CV-24-00471-TUC-SHR |
| Plaintiff, | **Order Granting Motion to Dismiss** |
| v. | |
| Fernanda Munoz Garcia, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 8).  Plaintiff has also filed a Motion to Submit Audio Recordings (Doc. 10) and a Motion to Remand (Doc. 12).  For the following reasons, the Court grants the Motion to Dismiss and denies the Motion to Submit Audio Recordings and Motion to Remand.

I.    **Background**

     a.   Factual Background

Plaintiff John N. Maina sues Defendant Fernanda Munoz Garcia, who Plaintiff alleges is a federal paralegal, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. 5 at 4–5).  Plaintiff alleges, on April 24, 2024, Defendant broadcasted a harassing message while Plaintiff was waiting to board a flight at the Los Angeles International Airport.  (*See id.* at 5–6.)  Specifically, Defendant allegedly directed "outbursts" towards Plaintiff and broadcasted "threatening and offensive

1    hate speech," including telling Plaintiff to "[g]et out of the community." (*Id.* at 6–7).

2    Plaintiff claims this broadcast occurred "through telephone and internet based provider

3    [sic]" and damaged his reputation because "flight crew and flight attendants" heard such

4    speech. (*Id.*). As a result of this incident, Plaintiff claims he required hospital visits for

5    PTSD and experienced emotional distress.

6              b. Procedural History

7          After the case was removed from Pima County Superior Court by Defendant, (Doc.

8    1 at 1-4), Defendant filed a Motion to Dismiss (Doc. 4). Just over a week later, Plaintiff

9    filed a First Amended Complaint (Doc. 5), to which Defendant filed a Second Motion to

10   Dismiss (Doc. 8). Plaintiff responded to Defendant's Second Motion to Dismiss (Doc. 14)

11   and filed a Motion to Submit Audio Recordings (Doc. 10) and a Motion to Remand (Doc.

12   12). Defendant responded to the Motion to Submit Audio Recordings and Motion to

13   Remand, opposing both motions. (*See* Docs. 13, 15.)

14   **II.    Legal Standard**

15       A. Motion to Dismiss

16         The pleading standard for a motion to dismiss is governed by Rule 8(a), which

17   requires "a complaint to contain 'a short and plain statement of the claim showing . . . the

18   pleader is entitled to relief.'" *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th

19   747, 763 (9th Cir. 2023) (quoting Fed. R. Civ. P. 8(a)(2)). "Dismissal [under Rule

20   12(b)(6)] can be based on the lack of a cognizable legal theory or the absence of sufficient

21   facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

22   F.2d 696, 699 (9th Cir. 1988). A complaint must "contain sufficient factual matter,

23   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Glazer Cap. Mgmt.,*

24   *L.P.*, 63 F.4th at 763 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[a]ll

25   allegations of material fact are taken as true and construed in the light most favorable to

26   the nonmoving party," *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir.

27   2008), "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28   conclusory statements, do not suffice," *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir.

2021) (quoting *Iqbal*, 556 U.S. at 678).

However, this Court must "construe pro se filings liberally when evaluating them under [the] *Iqbal*" motion to dismiss standard. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Although self-represented pleadings are liberally construed, conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim not initially pled. *Id.*

B. Leave to Amend

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines . . . the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear . . . the complaint could not be saved by any amendment." (citation omitted)).

III. **Analysis**

A. Plaintiff's *Bivens* Claim

As a threshold matter, "an amended pleading supersedes the original pleading" and "after amendment the original pleading no longer performs any function and is treated thereafter as non-existent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original."). Any cause of action raised in the original Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Therefore, despite Plaintiff having filed his original complaint in state court, which Defendant thereafter removed, the Court will instead focus its analysis on the claims raised in Plaintiff's First Amended Complaint.

Plaintiff's only claim alleges a violation of civil rights by a federal official under *Bivens*. Plaintiff alleges Defendant's "broadcast" deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures. (Doc. 5 at 4–7.) In the Motion to Dismiss, Defendant contends Plaintiff has not explained how Defendant acted under color of law, a required element of a *Bivens* claim. (Doc. 8.) Furthermore, even if he had alleged as much, Defendant asserts Plaintiff fails to allege any illegal search or seizure in his First Amended Complaint because "the Fourth Amendment does not guard against harassing speech, threats, or intimidation." (*Id.* at 2–4.)

To prevail on a *Bivens* claim, a plaintiff must plead and prove a federal defendant (1) acted under the color of federal law and (2) deprived the plaintiff of rights secured under the United States Constitution. *Herrera-Cubias v. Fox*, CV 08-0517-TUC-JMR, 2010 WL 11492279, at *11 (D. Ariz. Sept. 16, 2010) (citing *Bivens*, 403 U.S. at 396–97). In a *Bivens* action, acting under color of law is a jurisdictional requisite. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

Under the first element, attorneys,[1] and, by extension, their staff, typically do not act under the color of law in performing their duties. *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981). In *Polk County*, the Supreme Court held a public defender was not acting under the color of state law for the purposes of a claim brought under 42 U.S.C. § 1983 when she exercised her independent professional judgment to withdraw as counsel in a frivolous appeal. *Id.* As the Supreme Court acknowledged, a state public defender may act under the color of state law in limited circumstances, for example, if the public defender makes hiring or firing decisions on behalf of the state. *Id.* However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.

---

[1] In Plaintiff's amended complaint, he describes Defendant as a "Federal Paralegal." (Doc. 5 at 2.) However, Defendant's briefing indicates Defendant was an attorney for the federal public defender's office who may have worked on Plaintiff's case. (*See* Doc. 8 at 3.) Regardless of the exact title of Defendant, as explained below, the complaint fails to include anything resembling a sufficient color of law allegation.

Under the second element, a plaintiff alleging a violation of his Fourth Amendment right to be free from unreasonable searches and seizures must establish either an illegal search, which occurs when a government official infringes upon a reasonable expectation of privacy, *United States v. Jacobsen*, 466 U.S. 109, 113 (1984), or an illegal seizure of a person or property, which occurs when a government official meaningfully interferes with a plaintiff's possessory interests in his property, *id.*, or impedes a person's freedom of movement, *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.").

Here, Plaintiff does not allege Defendant acted under the color of federal law and does not assert any unlawful search or seizure occurred. (*See* Doc. 5 at 5–6). Indeed, Plaintiff does not allege Defendant searched a private place or item, nor does he allege Defendant interfered with his possessory interests in his property or his ability to leave the airport. Notably, there is no general claim for invasion of privacy under the Fourth Amendment, especially in a setting such as an airport where reasonable people expect to be searched. Nor is there any plausible way to connect Plaintiff's allegations regarding a "broadcast" to a Fourth Amendment violation. Additionally, even assuming Defendant once acted as either Plaintiff's lawyer or paralegal and broadcasted the communication as alleged, that allegation would be insufficient to establish Defendant was acting under the color of law. As such, Plaintiff has failed to state a claim under *Bivens* and the Court will dismiss this claim.

Considering Plaintiff's two unsuccessful attempts to state his claim, one of which occurred after Defendant noted the complaint's shortcomings in a prior motion to dismiss, the Court determines leave to amend would be futile. There is no set of facts that would support an actionable claim under *Bivens* based on Plaintiff's factual allegations or any reasonable inferences therefrom. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (noting a court can deny leave to amend when it is "absolutely clear" a plaintiff cannot cure

the complaint's deficiencies).  Even if the Court could anticipate some set of facts giving rise to a Fourth Amendment violation in this case, the Court would still deem amendment futile given the lack of allegations describing how Defendant acted under color of law.  Plaintiff's First Amended Complaint wholly fails to connect Defendant's alleged actions— making a broadcast in an airport—to any plausible actions recognized as having been taken under color of law.  *See Polk County*, 454 U.S. at 324–25.  And, more importantly, the Court cannot envision a set of facts in connection with the incident described by Plaintiff from which it could find Defendant acted under color of law.  Accordingly, the Court will dismiss Plaintiff's First Amended Complaint without leave to amend.

### B. Motion to Submit Audio Recordings

Plaintiff filed a document titled "MOTION TO SUBMIT AUDIO RECORDINGS" (Doc. 10).  Other than the title, the document contains no information about any audio recordings and no grounds upon which these recordings would bear upon the pending motion to dismiss.  (*See id.*)  Therefore, the Court will deny the Motion.

### C. Motion to Remand

Plaintiff requests the Court remand the case back to state court "on the basis of lack of subject matter jurisdiction." (Doc. 12 at 1.)  The only basis Plaintiff asserts for remand is "[t]he defendant has clearly stated that the plaintiff[] [fails] to state a claim and it is not explicitly clear." (*Id.*)  Defendant asserts Plaintiff has not met his burden to show remand is appropriate and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 15 at 1–3.)

The Court finds remand inappropriate.  Plaintiff simply states the Court lacks jurisdiction but does not explain *why* the Court lacks subject matter jurisdiction.  Moreover, Plaintiff fails to include any other grounds for remand.  Because the Court has federal question jurisdiction over Plaintiff's only claim in his First Amended Complaint, a *Bivens* claim alleging a civil violation of a constitutional right, the Court will deny the Motion to Remand.

. . . .

## IV.    Conclusion

**IT IS ORDERED:**

(1)  Defendant's Motion to Dismiss (Doc. 8) is **GRANTED.**

(2) Plaintiff's First Amended Complaint (Doc. 5) is **DISMISSED without leave to amend.**

(3) Defendant's Motion to Dismiss (Doc. 4) filed prior to the filing of the First Amended Complaint is **DENIED as moot**.

(4) Plaintiff's Motion to Remand (Doc. 12) is **DENIED.**

(5) Plaintiff's Motion to Submit Audio Recordings (Doc. 10) is **DENIED**.

(6) The Clerk of Court shall **close this case**.

Dated this 2nd day of July, 2025.

Honorable Scott H. Rash
United States District Judge